JOSEPH S. SPINNEY, RESPONDENT, *v.* FRANCIS B. THURBER AND OTHERS, APPELLANTS.

*Agent purchasing goods for his principal — when the title to the goods remains in the agent until he is reimbursed for his expenditures.*

The firm of Hazen & Compton carried on a business in Valparaiso, which consisted in taking orders from parties in South America for the purchase of articles in New York upon a commission. The orders were in the usual course of business sent to the firm's agents in New York, who purchased the goods and shipped them to the firm, which held them until they were paid for and then remitted the proceeds to the New York agent, together with one-half of the commission. The plaintiff having undertaken to fill one

of these orders, and having no funds of Hazen & Compton in his hands, purchased the goods and paid for them with his own money, taking bills of sale and a bill of lading in his own name. He indorsed the bill of lading to Hazen & Compton and sent it to them, understanding that they were to collect the money for him from the persons who ordered the goods.

In an action of replevin, brought by him to recover the goods which had been seized under warrants of attachment as the property of Hazen & Compton, while loaded on a vessel lying in New York harbor:

*Held,* that the title to the property remained in the plaintiff and that he was entitled to recover the possession thereof.

*Farmers and Mechanics' Bank* v. *Logan* (74 N. Y., 568) followed.

APPEAL from a judgment in favor of the plaintiff, entered on a verdict directed by the court.

This action was brought originally against Bernard Reilly as sheriff, and was an action for the claim and delivery of personal property of the value of $1,500, loaded by the plaintiff on the bark Silas Fish, then lying at New York, and bound to Valparaiso, Chili. The defendants were, by an order and under section 1421 of the Code of Procedure, substituted for sheriff Reilly, and by their answer set up the fact that they had commenced an action; and secured an attachment against the property as being the property of the firm of Hazen & Compton, doing business at Valparaiso.

The facts proved on the trial showed that Mr. Spinney was a commission merchant in the city of New York, and that Hazen & Compton had been doing business through a firm in New York, who had neglected to fill certain orders they had sent them. The nature of Hazen & Compton's business was to take orders from parties in South America for the purchase of articles in New York upon a commission. The course of business was to send the orders to the agents in New York, who purchased the goods and shipped them to Hazen & Compton, who held them until they were paid for, and remitted the proceeds to the New York agent, plus one-half the commission; and that the plaintiff in this case, having undertaken to fill these orders, not having any funds from Hazen & Compton, purchased the same, paid for them with his own money, and had not been paid for them at the time of the shipment. That in respect to all the goods sought to be replevined the purchase was made in his own name and delivered — all except a Root blower — to the bark Silas Fish under receipts in his own name, under bills of lading making the

same deliverable to himself. As to the Root blower the bill of lading made that deliverable to Hazen & Compton, but it appeared on the trial, and by the commission taken in South America, that this Root blower had been ordered by Hazen & Compton for Carlos G. Huidobro; that they had no interest in it except one-half the commission. It further appeared that Mr. Spinney sent the bill of lading indorsed to Hazen & Compton, and so intended at the time of taking it, but that "they were to collect the money for him from the people from whom they took these orders." On his cross-examination he testifies that such was his intention when he took the bills of lading, and that the bill of lading was sent after the sheriff had attached the goods.

On this evidence of the plaintiff, and of the three witnesses examined on commission, the defendant having given none, the court directed a verdict for the plaintiff, the value having been fixed by stipulation.

*More, Aplington & More*, for the appellants.

*George A. Black*, for the respondent.

BRADY, J.:

Upon the facts in this case the only question presented for the consideration of the court is whether the plaintiff owned the goods at the time they were seized under the attachment. The evidence seems to establish clearly that the plaintiff made the purchase of the articles for shipment, with the intention of retaining the title until payment was made for them by the person for whom they were purchased, and for whom they were shipped. The firm of Hazen & Compton were only intermediate persons or agents who had no interest in the matter except a commission and no title whatever to the property, upon the clear understanding on which the purchases and shipment were made, and according to the understanding existing in reference to the goods, their purchase and shipment.

The case of *The Farmers and Mechanics' Bank* v. *Logan* (74 N. Y., 568), and cases cited, furnish the legal rule by which the question suggested is to be controlled and it is this: where commercial correspondents on the order of a principal make a purchase of property ultimately for him, but on their own credit and with

their own funds, and such course is contemplated when the order is given, they may retain the title in themselves until they are reimbursed. This rule is one of common sense, common justice and common honesty.

The judgment should be affirmed, with costs.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed.